## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

ERIN WILSON, *individually and putatively on behalf of others similarly situated*,

               Plaintiff,

v.

QUIKAID, INC.,

               Defendant.

Civil Action No. 1:25-cv-03238-TWT

## DEFENDANT QUIKAID, INC.'S ANSWER
## TO PLAINTIFF'S CLASS ACTION COMPLAINT

Defendant Quikaid, Inc. ("Quikaid" or "Defendant") hereby submits this Answer in response to the Class Action Complaint ("Complaint") of Plaintiff Erin Wilson ("Plaintiff") as follows:

Quikaid denies each and every allegation, statement, matter and thing contained in Plaintiff's Complaint except as it is hereinafter expressly admitted or alleged.

## NATURE OF THIS ACTION

1.    Defendant admits that Plaintiff purports to bring this action pursuant to the Telephone Consumer Protection Act and otherwise denies the allegations in Paragraph 1 of the Complaint.

2.    Defendant denies the allegations in Paragraph 2 of the Complaint.

1

## JURISDICTION AND VENUE

3.      Paragraph 3 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 3 of the Complaint.

4.      Paragraph 4 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 4 of the Complaint.

5.      Defendant is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 5 of the Complaint and therefore denies the allegations.

## PARTIES

6.      Defendant is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 6 of the Complaint and therefore denies the allegations.

7.      Admitted.

## FACTUAL ALLEGATIONS

8.      Defendant is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 8 of the Complaint and therefore denies the allegations.

9.      Defendant is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 9 of the Complaint and therefore denies the allegations.

10.     Defendant is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 10 of the Complaint and therefore denies the allegations.

11.     Defendant is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 11 of the Complaint and therefore denies the allegations.

12.     Defendant is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 12 of the Complaint and therefore denies the allegations.

13.     Defendant is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 13 of the Complaint and therefore denies the allegations.

14.     Defendant is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 14 of the Complaint and therefore denies the allegations.

15.    Defendant is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 15 of the Complaint and therefore denies the allegations.

16.    Defendant admits that it sent two text messages to a (404) XXX-XXXX phone number at 8:02 AM on January 14, 2025. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 16 of the Complaint and therefore denies the allegations.

17.    Defendant admits that it placed a telephone call to a (404) XXX-XXXX number on January 14, 2025. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 17 of the Complaint and therefore denies the allegations.

18.    Defendant denies the allegations in Paragraph 18 of the Complaint.

19.    Defendant denies the allegations in Paragraph 19 of the Complaint.

20.    Defendant admits that it offers to provide assistance to individuals in making a disability claim.

21.    Defendant denies the allegations in Paragraph 21 of the Complaint.

22.    Defendant is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 22 of the Complaint and therefore denies the allegations.

4

23.     Defendant is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 23 of the Complaint and therefore denies the allegations.

24.     Defendant denies the allegations in Paragraph 24 of the Complaint.

25.     Defendant is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 25 of the Complaint and therefore denies the allegations.

26.     Defendant is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 26 of the Complaint and therefore denies the allegations.

27.     Paragraph 27 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 27 of the Complaint.

## CLASS ACTION ALLEGATIONS

28.     Paragraph 28 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 28 of the Complaint and denies that this action may be maintained as a class action.

29.     Paragraph 29 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the

allegations in Paragraph 29 of the Complaint and denies that this action may be maintained as a class action.

30.     Paragraph 30 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 30 of the Complaint and denies that this action may be maintained as a class action.

31.     Paragraph 31 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 31 of the Complaint and denies that this action may be maintained as a class action.

32.     Paragraph 32 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 32 of the Complaint and denies that this action may be maintained as a class action.

33.     Paragraph 33 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 33 of the Complaint and denies that this action may be maintained as a class action.

34.     Paragraph 34 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the

allegations in Paragraph 34 of the Complaint and denies that this action may be maintained as a class action.

35.    Defendant denies the allegations in Paragraph 35 of the Complaint and denies that this action may be maintained as a class action.

36.    Paragraph 36 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 36 of the Complaint and denies that this action may be maintained as a class action.

37.    Paragraph 37 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 37 of the Complaint and denies that this action may be maintained as a class action.

38.    Paragraph 38 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 38 of the Complaint and denies that this action may be maintained as a class action.

39.    Paragraph 39 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 39 of the Complaint and denies that this action may be maintained as a class action.

40.     Paragraph 40 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 40 of the Complaint and denies that this action may be maintained as a class action.

41.     Paragraph 41 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 41 of the Complaint and denies that this action may be maintained as a class action.

42.     Paragraph 42 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 42 of the Complaint and denies that this action may be maintained as a class action.

43.     Defendant is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 43 of the Complaint and therefore denies the allegations and denies that this action may be maintained as a class action.

44.     Defendant is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 44 of the Complaint and therefore denies the allegations and denies that this action may be maintained as a class action.

45.     Paragraph 45 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the

8

allegations in Paragraph 45 of the Complaint and denies that this action may be maintained as a class action.

46.     Paragraphs 46 and 46(a)-(d) of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraphs 46 and 46(a)-(d) of the Complaint and denies that this action may be maintained as a class action.

47.     Paragraph 47 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 47 of the Complaint and denies that this action may be maintained as a class action.

48.     Paragraph 48 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 48 of the Complaint and denies that this action may be maintained as a class action.

49.     Paragraph 49 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 49 of the Complaint and denies that this action may be maintained as a class action.

50.     Paragraph 50 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the

9

allegations in Paragraph 50 of the Complaint and denies that this action may be maintained as a class action.

51.     Paragraph 51 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 51 of the Complaint and denies that this action may be maintained as a class action.

52.     Paragraph 52 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 52 of the Complaint and denies that this action may be maintained as a class action.

53.     Paragraph 53 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 53 of the Complaint and denies that this action may be maintained as a class action.

54.     Paragraph 54 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 54 of the Complaint and denies that this action may be maintained as a class action.

55.     Paragraph 55 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the

Case 1:25-cv-03238-TWT   Document 11   Filed 08/06/25   Page 11 of 19

allegations in Paragraph 55 of the Complaint and denies that this action may be maintained as a class action.

COUNT I

VIOLATION OF 47 U.S.C. § 227(c)(5)

56.     Defendant realleges and incorporates by reference its answers, denials, and averments to paragraphs 1 through 55 of the Complaint as though fully set forth herein.

57.     Paragraph 57 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 57 of the Complaint.

58.     Paragraph 58 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 58 of the Complaint.

59.     Paragraph 59 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that Plaintiff selectively quotes from 47 C.F.R. § 64.1200(c) and the complete regulation speaks for itself.

60.     Paragraph 60 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that

11

Plaintiff selectively quotes from 47 C.F.R. § 64.1200(e) and the complete regulation speaks for itself.

61.     Paragraph 61 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that Plaintiff selectively quotes from 47 U.S.C. § 227(c), which speaks for itself, and otherwise denies the allegations in Paragraph 61 of the Complaint.

62.     Paragraph 62 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 62 of the Complaint.

63.     Paragraph 63 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 63 of the Complaint.

64.     Paragraph 64 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 64 of the Complaint.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any relief whatsoever, including, but not limited to, any judgment or decree, any monetary damages (including actual damages or statutory damages), or any declaratory relief, injunctive relief, attorney's fees or costs, and any interest.

## AFFIRMATIVE DEFENSES

Defendant, in the alternative, and without prejudice to the denials and other statements made in its Answer to Plaintiff's Complaint, states the following Affirmative Defenses. By setting forth these affirmative defenses, Defendant does not assume the burden of proof as to any fact, issue or other element of any cause of action for which Plaintiff bears the burden of proof:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Plaintiff's Complaint and each claim therein, fails to state facts sufficient to constitute any claim against Defendant upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Waiver, Estoppel, Laches, Unclean Hands, Ratification, Personal Jurisdiction, Statute of Limitations)

The claims asserted in the Complaint are barred in whole or in part by the doctrines of waiver, estoppel, laches, unclean hands, ratification, to the extent the Court lacks personal jurisdiction over any claims, and/or by applicable statutes of limitations applicable to Plaintiff and the proposed class.

## THIRD AFFIRMATIVE DEFENSE

### (Standing)

The Complaint, and each and every cause of action therein are barred to the extent that Plaintiff lacks statutory and/or Article III standing.

## FOURTH AFFIRMATIVE DEFENSE

### (Consent)

The Complaint and each claim are barred to the extent that Plaintiff provided consent (including prior express consent and prior express written consent) for the alleged calls and texts.

## FIFTH AFFIRMATIVE DEFENSE

### (Established Business Practices and Procedures Satisfy the TCPA)

Plaintiff's TCPA claim is barred because Defendant has established and implemented, with due care, written procedures, practices, and training to prevent telephone solicitations in violation of the TCPA and that comply with 47 U.S.C. § 227(c), 47 C.F.R. §§ 64.1200(c)(2)(i) and 64.1200(d).

## SIXTH AFFIRMATIVE DEFENSE

### (No Residential Lines)

The Complaint and each claim are barred to the extent that the telephone number at issue does not qualify as a residential telephone.

14

## SEVENTH AFFIRMATIVE DEFENSE

### (Regulations Do Not Apply)

The Complaint and each claim are barred to the extent that the regulations at issue do not apply to cellular telephones or text messages. Additionally, the Complaint and each claim are also barred to the extent that any portion of 47 CFR 64.1200(d) is found to have been promulgated pursuant to 47 U.S.C. § 227(d).

## EIGHTH AFFIRMATIVE DEFENSE

### (Established Business Relationship)

The Complaint and each claim are barred to the extent that any alleged calls or texts are found to have been made pursuant to an Established Business Relationship.

## NINTH AFFIRMATIVE DEFENSE

### (Do Not Call Request Honored)

The Complaint and each claim are barred because Plaintiff's alleged do not call request was honored.

## TENTH AFFIRMATIVE DEFENSE

### (Excessive Penalties)

The statutory penalties sought by Plaintiff are excessive and thus violate the Due Process Clause of the Fifth Amendment to the United States Constitution, and

the Due Process provision of the Fourteenth Amendment to the United States Constitution.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Lack of Personal Jurisdiction)

The Complaint and each claim are barred to the extent the Court lacks personal jurisdiction over Defendant for Plaintiff's proposed claim on behalf of a class of persons. Defendant is a Florida corporation and does not have sufficient continuous or systematic contacts with Georgia to support general jurisdiction.

## TWELFTH AFFIRMATIVE DEFENSE

### (Acts of Third Parties)

The Complaint and each claim are barred to the extent any alleged claims were the result of third parties.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Reservation)

Defendant reserves the right to amend its Answer and Affirmative Defenses and/or to assert additional affirmative defenses as they become known to Defendant through the course of discovery and further investigation. Defendant has not knowingly or intentionally waived any applicable affirmative defenses.

.

16

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays as follows:

1.     That Plaintiff takes nothing from Defendant in this suit;

2.     That judgment be awarded against Plaintiff and in favor of Defendant;

3.     That Defendant be awarded its fees and costs; and

4.     For any other and further such relief as this Court may deem just,

proper and equitable.

Respectfully submitted this 6th day of August, 2025.


                              */s/ Edgar Neely*
                              EDGAR A. NEELY IV
                              Georgia Bar No. 411280
                              SCOTT N. SHERMAN
                              Georgia Bar No. 642090
                              NELSON MULLINS RILEY &
                              SCARBOROUGH LLP
                              201 17th Street NW, Suite 1700
                              Atlanta, Georgia 30363
                              Telephone: (404) 322-6000
                              edgar.neely@nelsonmullins.com
                              scott.sherman@nelsonmullins.com

                              Joshua A. Briones
                              MINTZ, LEVIN, COHN, FERRIS,
                              GLOVSKY AND POPEO, P.C.
                              2049 Century Park East, Suite 300
                              Los Angeles CA 90067
                              (*pro hac vice application to be
                              submitted*)

                              Geoffrey A. Friedman

MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, P.C.
44 Montgomery Street, 36th Floor, San
Francisco, CA 94104
(*pro hac vice application to be
submitted*)

*Counsel for Defendant Quikaid, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day, I electronically filed the within and foregoing with the Clerk of Court using the Court's CM/ECF electronic filing system which will automatically send e-mail notification of such filing to the following counsel of record:

Valerie Chinn
CHINN LAW FIRM, LLC
245 N. Highland Ave.
Suite 230 #7
Atlanta, GA 30307
vchinn@chinnlawfirm.com

Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
anthony@paronichlaw.com

*Counsel for Plaintiff and the proposed class*

This 6th day of August 2025.

*/s/ Edgar Neely*
Edgar A. Neely IV
Georgia Bar No. 411280

*Counsel for Defendant Quikaid, Inc.*

NELSON MULLINS RILEY & SCARBOROUGH LLP
201 17th Street NW, Suite 1700
Atlanta, Georgia 30363
Tel:  404-322-6000
Fax:  404-322-6050
edgar.neely@nelsonmullins.com