## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| Erin Wilson, *individually andon behalf of others similarly situated*, | ) ) ) | Civil Action No.: 25-cv-3238 |
| Plaintiff, | ) ) | Class Action Complaint |
| | ) | Jury Trial Demanded |
| v. | ) ) | |
| QuikAid, Inc. | ) ) | |
| Defendant. | ) ) | |

---

### JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

Plaintiff Erin Wilson ("Plaintiff") and Defendant QuikAid, Inc. ("Defendant") and through undersigned counsel, hereby submit this Joint Preliminary Report and Discovery Plan.

## 1. Description of Case:

### (a) **Describe briefly the nature of this action.**

Plaintiff's Statement:

Plaintiff filed a class action complaint against QuikAid through which is it asserted Defendant routinely violated the Telephone Consumer Protection Act ("TCPA") by delivering, or causing to be delivered, text  to cellular telephone numbers of individuals on the Do Not Call Registry who had no relationship with Defendant, despite that being required by the TCPA.

There are no pending or previously adjudicated related cases.

<u>Defendant's Statement:</u>

This is a purported class action brought by Plaintiff based on the alleged receipt of a single phone call and two text messages. Quikaid denies that it violates the TCPA, denies that Plaintiff may maintain this action as a class action, and asserts that any call or text to Plaintiff was the result of error.

**(b)** **Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

<u>Plaintiff's Statement:</u>

Plaintiff maintains that there was no prior relationship with Defendant, never signed up for any of their offerings or provided consent to be called. Nevertheless, it is alleged that text messages like the below we received:



Despite the STOP request, the Plaintiff also received a live telemarketing call from the Defendant. Plaintiff alleges these calls were sent *en masse* to putative class members.

Defendant's Statement:

Plaintiff alleges receipt of two text messages and a single phone call from Quikaid at phone number (404) xxx-xxxx. Plaintiff further alleges that text messages were intended for someone other than, and unknown to, Plaintiff.

Quikaid's standard business practice is to only contact individuals who have provided prior express written consent to be contacted. Quikaid asserts that any contact with Plaintiff was in error.

**(c)    The legal issues to be tried are as follows:**

Plaintiff's Legal Issues:

1.    Whether Plaintiff or any similarly situated individuals can establish a claim under the TCPA (47 U.S.C. § 227(c)(5));

2.    Whether this action should be certified as a class action;

3.    Whether Plaintiff or any similarly situated individuals' claims are barred or limited by any defenses Defendant may have; and

4.    Whether Plaintiff or any similarly situated individuals are entitled to damages, and if so, the amount of the damages.

Defendant's Legal Issues:

1.    Whether the TCPA's safe harbor bars Plaintiff's claim.

3

2.      Whether Plaintiff may represent a class of individuals who were not contacted in error.

The parties reserve the right to amend, and/or add to this list of issue to be tried.

**(d)      The cases listed below (include both style and action number) are:**

(1)      Pending Related Cases:

*Thrasher v. Quikaid*, 25-cv-02095 (M.D. Fla.).

(2)      Previously Adjudicated Related Cases:

None.

**2.   <u>This case is complex because it possesses one (1) or more of the features listed below (please check):</u>**

<u>  x  </u>     (1)   Unusually large number of parties
<u>      </u>     (2)   Unusually large number of claims or defenses
<u>  x  </u>     (3)   Factual issues are exceptionally complex
<u>  x  </u>     (4)   Greater than normal volume of evidence
<u>  x  </u>     (5)   Extended discovery period is needed
<u>      </u>     (6)   Problems locating or preserving evidence
<u>      </u>     (7)   Pending parallel investigations or action by government
<u>  x  </u>     (8)   Multiple use of experts
<u>      </u>     (9)   Need for discovery outside United States boundaries
<u>      </u>     (10) Existence of highly technical issues and proof
<u>  x  </u>     (11) Unusually complex discovery of electronically stored information

Defendant denies that these factors apply to resolution of Plaintiff's claim.

**3. Counsel: The following individually-named attorneys are hereby designated as lead counsel for the parties:**

Lead counsel for Plaintiff:        Anthony Paronich
                                                  Paronich Law, P.C.

Lead counsel for Defendant:     Joshua A. Briones

Geoffrey Friedman
MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, P.C.

**4. Jurisdiction:**

Is there any question regarding this court's jurisdiction?

☐ **Yes**        ☒ **No**

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

Defendant's Statement: Not at present with respect to Plaintiff's individual claim. Defendant reserves the right to compel arbitration against purported absent class member(s) who were not contacted in error.

**5. The names of necessary parties to this action who have not been joined and any questions of misjoinder of parties and inaccuracies and omissions regarding the names of parties.**

**<u>Parties to This Action</u>:**

(a)    The following persons are necessary parties who have not been joined:

<u>Plaintiff's Response</u>: To the extent Defendant used any vendor to send any of the subject text messages or calls, Plaintiff may add the vendor to this matter as a party-defendant once Plaintiff learns, through discovery, of the identity of any

5

vendor used by Defendant and the extent to which the vendor participated in sending the telemarketing calls at issue.

(b)    The following persons are improperly joined as parties:

None.

(c)    The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

None.

(d)    The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.    <u>Amendments to the Pleadings</u>:**

**Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15.  Further instructions regarding amendments are contained in Local Rule 15.**

(a)    List separately any amendments to the pleadings which the parties anticipate will be necessary:

None at this time.

(b)    Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

6

7.    **<u>Filing Times for Motions</u>:**

**All motions should be filed as soon as possible. The local rules set specific filing limits for some motions.  These times are restated below.**

**All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later.  Local Rule 7.1A(2).**

*(a)    **Motions to Compel:***  before the close of discovery or within the extension period allowed in some instances.  Local Rule 37.1.

*(b)    **Summary Judgment Motions:***  within thirty (30) days after the close of discovery, unless otherwise permitted by court order.  Local Rule 56.1.

*(c)    **Other Limited Motions:***  Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

*(d)    **Motions Objecting to Expert Testimony:***  Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted.  Refer to Local Rule 7.2F.

The parties propose and request the deadline by which Plaintiff must file a motion for class certification be twelve months from the date of entry of this Scheduling Order.

The parties propose and request the deadline by which the parties must file dispositive motions should be sixty (60) days from the date the Court rules on Plaintiff's motion for class certification.

The parties propose and request the below expert disclosure schedule:

Plaintiff to disclose expert(s) and serve expert report(s) by April 2, 2026

Defendant to disclose expert(s) and/or any rebuttal expert(s) and serve expert report(s) by May 3, 2026; and

Plaintiff to disclose any rebuttal expert(s) and serve rebuttal expert report(s) by June 2, 2026.

**Initial Disclosures:**

**The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection:**

None.

**8.  Request for Scheduling Conference:**

**Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.**

Not applicable.

9. **Discovery Period:**

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint.  As stated in Local Rule 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period.  A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F.  The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

**Please state below the subjects on which discovery may be needed:**

Plaintiff's Statement:

The Plaintiff anticipates that discovery will be needed on the requisites of Fed. R. Civ. P. 23 in order to support an anticipated motion for class certification as well as the merits of Plaintiff's TCPA claims in order to prepare for trial, or to oppose any summary judgment motion that the Defendant may file. The Plaintiff will seek from the Defendant, or third parties retained on its behalf, (1) ESI regarding the calls placed in this case and any purported leads related thereto; (2) email and other communications related to telemarketing and any relationship with a vendor who

made calls for the Defendant; (3) ESI related to any purported consent to receive calls; (4) Defendant's policies and procedures concerning TCPA compliance; and (5) telemarketing complaints received by Defendant and their responses thereto. Plaintiff intends to submit expert testimony relevant to class certification and that expert discovery prior to class certification will likely be necessary as a result.

Defendant's Statement:

Defendant anticipates that the discovery may be needed on the facts alleged in Plaintiff's Complaint regarding Plaintiff's use of telephone number (404)-XXX-XXXX, alleged registration of this telephone number with the DNC Registry, and Plaintiff's alleged receipt of a call or text message from Quikaid.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

The parties do not believe that discovery should be conducted in phases.  The parties currently do not anticipate that additional time may be needed.

The parties agree and request the deadline to complete discovery should be thirteen (13) months from the date of entry of this Scheduling Order.

**10.** **Discovery Limitations:**

What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.

None.

(b)    Is any party seeking discovery of electronically stored information?

☒  **Yes**        ☐  **No**

**If "yes,"**

(1)    The parties have discussed the scope of the electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

The parties have discussed the scope of discovery and have agreed to limit the scope as follows: The parties agree that there is not extensive electronic information relative to this case. The parties agree however to exchange discovery electronically and will provide documents in pdf, and if necessary native format and/or searchable PDFs. If the parties cannot reach agreement on e-discovery issues, they shall jointly seek guidance from the Court.

(2)    The parties have discussed the format for the production of electronically stored information (TIFF or .TIF files), Portable Document Format (PDF) or native, method of production (e.g., paper or disk), and the inclusion or exclusion of the use of metadata, and have agreed as follows:

The parties have discussed the scope of discovery and have agreed to limit the scope as follows: The parties agree that there is not extensive electronic information relative to this case. The parties agree however to exchange discovery electronically and will provide documents in pdf, and if necessary native format and/or searchable

PDFs.  If the parties cannot reach agreement on e-discovery issues, they shall jointly seek guidance from the Court.

**11. <u>Other Orders:</u>**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

The parties intend to seek a protective order of confidentiality.

**12. <u>Settlement Potential:</u>**

**(a)    Counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference on Aug. 26, 2025 and that they participated in settlement discussions.  Other persons who participated in the settlement discussions are listed according to party.**

For Plaintiff:                            */s/ Anthony Paronich*

For Defendant:                        */s/ Geoffrey Friedman*

**(b)    All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

☐        A possibility of settlement before discovery.

☒        A possibility of settlement after discovery.

☐        A possibility of settlement, but a conference with the judge is needed.

☐        No possibility of settlement.

(c)     Counsel ☐ do    ☒ do not intend to hold additional settlement conferences among themselves prior to the close of discovery.

(d)     The following specific problems have created a hindrance to settlement of this case.

None at this time.

**13.** **Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

The parties ☐ **do**    ☒ **do not** consent to having this case tried before a magistrate judge of this court.

Respectfully submitted in this 5th day of September, 2025

*/s/ Anthony I. Paronich*
Anthony I. Paronich (admitted *pro hac vice*)
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
anthony@paronichlaw.com
*Counsel for Plaintiff and the proposed class*

*/s/ Geoffrey A. Friedman* _____

Edgar A. Neely IV
Georgia Bar No. 411280
NELSON MULLINS RILEY &
SCARBOROUGH LLP

201 17th Street NW, Suite 1700
Atlanta, Georgia 30363
Telephone: (404) 322-6000
edgar.neely@nelsonmullins.com

Joshua A. Briones
MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, P.C.
2049 Century Park East, Suite 300
Los Angeles CA 90067
(admitted *pro hac vice*)

Geoffrey A. Friedman
MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, P.C.
44 Montgomery Street, 36th Floor,
San Francisco, CA 94104
(admitted *pro hac vice*)

Counsel for Defendant Quikaid, Inc.