IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ERIN WILSON,<br><br>  Plaintiff,<br><br>v.<br><br>QUIKAID, INC.,<br><br>  Defendant. | CIVIL ACTION NO.<br>1:25-CV-03238-TWT |

## SCHEDULING ORDER

The above-entitled action is presently before the Court pursuant to the filing of the parties' Joint Preliminary Report and Discovery Plan [Doc. 17]. The Court has reviewed and approved the parties' Joint Preliminary Report and Discovery Plan. In the report, the parties have indicated the need for additional time beyond the assigned discovery track to complete discovery. Should there be a further extension of time of the discovery deadline, the deadlines for motions for summary judgment and filing of the Consolidated Pretrial Order shall be adjusted accordingly. Accordingly,

IT IS HEREBY ORDERED that the request for an extension of the discovery deadline in this case is GRANTED, and the deadlines are as set forth below:

| Scheduled Event | Parties' Proposed Deadline |
|---|---|
| Close of Fact Discovery | April 2, 2026 |
| Parties' Initial Expert Disclosures | April 2, 2026 |
| Parties' Rebuttal Disclosures | May 5, 2026 (Defendant)<br>June 4, 2026 (Plaintiff rebuttal) |

| Close of Expert Discovery | July 11, 2026 |
|---|---|
| Plaintiff's Motion for Class Certification and *Daubert* Motions | August 21, 2026 |
| Defendant's Opposition to Plaintiff's Motion for Class Certification and *Daubert* Motions, Defendant's *Daubert* Motions | September 25, 2026 |
| Plaintiff's Reply in Support of Motion for Class Certification and *Daubert* Motions, Opposition to Defendant's *Daubert* Motions | October 16, 2026 |
| Defendant's Reply in Support of *Daubert* Motions | October 30, 2026 |

Within 30 days of the Court's ruling on the Motion for Class Certification or Daubert Motions, whichever is later, the parties are to file any Motions for Summary Judgment, and if no Motions for Summary Judgment are filed, the Proposed Consolidated Pretrial Order must be filed. However, if a Motion for Summary Judgment is filed, the Proposed Consolidated Pretrial Order will be due within thirty (30) days of the Court's ruling on the Motion for Summary Judgment. The parties may not evade the page limitations of Local Rule 7.1(D) by filing multiple Motions for Summary Judgment after the close of the discovery period.

IT IS FURTHER ORDERED that the parties are directed to adhere to the above deadlines. Any motions requesting extensions of time must be made prior to the existing deadline and will be granted <u>only</u> in exceptional cases where the circumstances on which the request is based did not exist or the attorney(s) could not have anticipated that such circumstances would arise at the time the Preliminary

Planning Report was filed. Failure to comply with this order, may result in the imposition of sanctions, including the dismissal of this action.

Within 14 days from the entry of this Order, counsel for the parties are directed to confer and determine whether any party will likely be requested to disclose or produce substantial information from electronic or computer-based media. If so, the parties are directed to determine: (a) whether disclosure or production will be limited to data reasonably available to the parties in the ordinary course of business; (b) the anticipated scope, cost and time required for disclosure or production of data beyond what is reasonably available to the parties in the ordinary course of business; (c) the format and media agreed to by the parties for the production of such data as well as agreed procedures for such production; (d) whether reasonable measures have been taken to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise; and (e) whether there are other problems which the parties anticipate that may arise in connection with electronic or computer-based discovery. Counsel are directed to the American Bar Association Section of Litigation Civil Discovery Standards § 29 (August 1999) (available upon request from the Court) for guidance. Any agreements as to the foregoing shall be set forth in a written agreement or consent order. If there are substantial disagreements, a discovery conference with the Court should be requested.

Counsel are directed to comply with the Federal Bar Association's Standards for Civility in Professional Conduct (1998) (available from the FBA web site or upon request from the Court). In the conduct of depositions, counsel are ordered to comply

with Federal Rule of Civil Procedure 30(c)(2) ("An objection must be stated concisely in a nonargumentative and nonsuggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)."); and may be sanctioned for obstructionist tactics pursuant to Rule 30(d)(2)("The court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent.").

Parties wishing any document filed as part of the record **under seal** must first present a motion and/or consent order regarding said document to the Court. The Clerk of Court is not authorized to accept for filing any document designated as sealed without an order from the Court approving specific documents to be filed under seal. (See Section J of Appendix H to the Local Rules.)

SO ORDERED, this 17th day of September 2025.

/s/ Thomas W. Thrash
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE